TIMMONS-GOODSON, Judge.
Respondent-mother J.E. appeals from a permanency planning order entered by the district court, which continued legal custody of minor children S.E. and E.E. with the Cumberland County Department of Social Services (CCDSS) but placed physical custody of the children with respondent-father C.E.
The record before this Court reveals the following facts: On 22 August 2001, CCDSS filed a juvenile petition seeking legal custody of the minor children on the grounds of dependency and neglect. At the time of the petition, the minor children were living in Fayetteville, North Carolina with respondent-mother, whompetitioner alleged was suffering from delusions, hallucinations and paranoia. Respondent-father was residing in Minnesota. CCDSS obtained an order of non-secure custody and placed the children in the home of their maternal grandparents. The district court appointed guardians ad litem for respondent-mother and for the minor children.
Upon respondents' joint stipulation that the children were dependent juveniles, see N.C. Gen. Stat. § 7B-101(9) (2003), the trial court entered an adjudication and disposition order on 5 December 2001, awarding physical and legal custody of the minor children to CCDSS and maintaining their existing placement with the maternal grandparents. The court awarded respondent-mother supervised visitation with the children and ordered her to complete a psychological evaluation and parenting assessment. Respondent-father was awarded telephonic contact with the children and was ordered to submit to a psychological evaluation and parenting assessment in Minnesota and to develop a visitation plan. In light of the stipulation of dependency, CCDSS voluntarily dismissed the neglect allegation against respondent-mother.
The district court held a permanency planning hearing on 3 and 4 September 2002. The court considered, inter alia, the parenting assessments and psychological evaluations of both respondents, reports prepared by the CCDSS social worker and the children's guardian ad litem, respondent-mother's medical records, the children's schoolwork, and the testimony of respondents, the children's guardian ad litem, the maternal grandmother, and severalsocial workers including the minor children's CCDSS social worker, respondent-mother's mental health case manager, and the manager of respondent-mother's group home. The court also interviewed the minor children in chambers.
In its permanency planning order, the district court denied a motion by the maternal grandparents to intervene, finding they had "not shown an abrogation of the protected status of the parent's in order to place themselves in a category to be considered as custodians of the minor children." The court then made the following findings of fact regarding respondents:
7. [Respondent-]mother has mental health disorders and has a history of medical non-compliance.
8. She was banned from her son's school due to her behaviors.
9. She suffers from delusions, hallucinations and has made false accusations about her father.
10. She is currently prescribed Zoloft and Serapil.
. . . .
15. The maternal grandparent's cannot [e]nsure that [respondent-]mother will continue to take her medication regularly.
16. [Respondent-]mother is unable to parent the minor children due to her mental health condition.
17. The Court has entered several orders for [respondent-]mother to cooperate with treatment, but she has failed to comply. Her condition cannot be alleviated.
18. The minors cannot be returned to [respondent-]mother pursuant to N.C. Gen. Stat. § 7B-907 in the near future.
. . . .
5. That both of [respondent-]father's Home Studies have been completed by Hennenpin County and are approved with some recommendations.
6. He completed [a] parenting assessment with no reported concerns.
. . . .
11.[Respondent-]father is employed in Minnesota and is currently paying child support.
12.[Respondent-]father has undergone a psychological evaluation and was given no diagnosis.
13. [Respondent-]father has secured appropriate school and day care arrangements for the children.
. . . .
19. [Respondent-]father has complied with all orders entered and requests made of him.
20. [Respondent-]father has made several visits with the minor children here in North Carolina.
21. [Respondent-]father would be a fit and proper person to exercise custody of the minors.
The court concluded that the best interests of the children called for their placement with respondent-father in Minnesota.
Mindful of the need for "a transition period" for the children, the court ordered that legal custody remain with CCDSS, that physical custody be placed with respondent-father, and that respondent-father arrange services for the children in Minnesota, as follows:
3. That within 72 hours of his return toMinnesota, [respondent-]father shall contact appropriate mental health officials, in conjunction with Cumberland County Dept. of Mental Health officials, to obtain counseling for the minor children immediately.
4. [Respondent-]father shall immediately enroll [E.E.] in school and make every effort to have his school records forwarded.
5. [Respondent-]father shall make day care arrangements for [S.E.].
6. The minor children shall be allowed to have telephone contact with their mother and grandparent[]s as often as they desire.
The court further asked for a report on visitation from the children's Minnesota therapist within sixty days and continued the matter until further review on 28 October 2002. Respondent-mother filed timely notice of appeal.
In her sole assignment of error, respondent-mother challenges the court's refusal to allow any evidence of the contents of a report prepared by a Mr. Collins, a counselor who worked with the minor children. She avers the court was obliged under N.C. Gen. Stat. § 7B-907(b) to consider any evidence offered at the hearing which bore upon the appropriate custody arrangement for the minor children. Absent a finding by the court that Collins' report was "redundant, cumulative, incompetent or irrelevant," respondent-mother contends the court's ruling constituted reversible error.
Having carefully reviewed the hearing transcript and the record materials, we find respondent-mother failed to preserve this issue for appellate review. She made no offer or proof at the hearing regarding the contents of Collins' report; nor are the contents of the report made apparent by the context of the hearing. See State v. Williams, 355 N.C. 501, 556, 565 S.E.2d 609, 641-42 (2002), cert. denied, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003). Other than a remark by the children's maternal grandmother that Collins did not believe the children should move to Minnesota, there was no proffer at the hearing of the contents of Collins' report, the nature of his findings and recommendations, or the basis therefor. Moreover, inasmuch as respondent-mother did not tender the report into evidence at the hearing and did not subpoena or attempt to call Collins as a witness, any testimony about the contents of his report would have been inadmissible hearsay. See generally State v. Van Landingham, 283 N.C. 589, 602-603, 197 S.E.2d 539, 548 (1973); Potts v. Howser, 274 N.C. 49, 57, 161 S.E.2d 737, 743-44 (1968); N.C.R. Evid. 801, 802. Finally, respondent-mother has not included Collins' report in the record on appeal. See Tucker v. Telephone Co., 50 N.C. App. 112, 118, 272 S.E.2d 911, 915 (1980) (noting the appellant's duty to prepare the record on appeal properly). Accordingly, we affirm the district court's order.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).